**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AYNEALEM GEBRESLASIE, | No. 17-17076 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:17-cv-00272-APG-PAL |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 12, 2019
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Aynealem Gebreslasie challenges the district court's dismissal of his case

for lack of subject-matter jurisdiction. Gebreslasie specifically argues that the

district court erred in concluding that 8 U.S.C. § 1252(g) withdrew subject-matter

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction over his claim. We disagree and affirm the judgment of the district court.

The plaintiff's cause of action was predicated on the agency's failure to commence removal proceedings. In *Reno v. Am.-Arab Anti-Discrim. Comm.*, 525 U.S. 471, 487 (1999), the United States Supreme Court explicitly held that the Attorney General's "decision to commence proceedings . . . falls squarely within § 1252(g)." (internal quotation marks omitted). The Court also noted that § 1252(g) applies to "claims arising from all past, pending, or *future* . . . removal proceedings." *Id.* (emphasis added). Because the plaintiff seeks to invoke a future removal proceeding, the Supreme Court's language clearly encompasses his claim. *See id.; see also Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision . . . *whether* to commence, but also *when* to commence a proceeding.") (citation omitted) (emphases in the original). We concluded in *Jimenez-Angeles* that "§ 1252(g) removes our jurisdiction to decide Jimenez-Angeles' individual claim that the INS was obligated immediately to initiate deportation proceedings against her." *Id.* The same is true in this case and the district court correctly concluded that subject-matter jurisdiction was lacking. *See id.*

**AFFIRMED**.

*Gebreslasie v. USCIS*, No. 17-17076

O'SCANNLAIN, Circuit Judge, concurring:

I concur in the result, but with respect I am unable to concur in the holding that 8 U.S.C. § 1252(g) withdrew subject-matter jurisdiction over Gebreslasie's claim. Instead, I would affirm the district court's dismissal of Gebreslasie's case because the complaint fails to state a claim.

I

Gebreslasie argues that the district court erred in concluding that 8 U.S.C. § 1252(g) withdrew subject-matter jurisdiction over his claim. I agree.

Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Thus, the statute "does not bar review of the actions that occurred *prior* to any decision to 'commence proceedings,' if any, against [an alien]." *Kwai Fun Wong v. United States*, 373 F.3d 952, 965 (9th Cir. 2004). Here, Gebreslasie claims that the government's failure to commence proceedings is unlawful, and such inaction is—by definition—"prior to any decision to 'commence proceedings.'" *Id.* The district court therefore had jurisdiction to consider Gebreslasie's claim, and its conclusion to the contrary was error.

II

Nevertheless, I would affirm the district court's dismissal of Gebreslasie's case if the complaint fails to state a claim. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010); *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Relevant here, Gebreslasie's complaint alleges that the failure to initiate removal proceedings (1) violated the Due Process Clause; (2) violated the Administrative Procedure Act ("APA"), *see* 5 U.S.C. §§ 701 *et seq.*; and (3) warranted the issuance of a writ of mandamus, *see* 28 U.S.C. § 1361.

Each claim fails. First, the Due Process Clause does not establish a right to compel the government to initiate removal proceedings because, at the very least, such decision is "committed to the [agency's] discretion." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc). Second, Gebreslasie's APA claim fails because he did not allege a reviewable "final agency action." 5 U.S.C. § 704. The failure to initiate proceedings is not itself an "action . . . by which rights or obligations have been determined, or [one] from which legal consequences flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks omitted). Third, the request for a writ of mandamus fails because Gebreslasie cannot show that "the defendant official's duty [to initiate removal proceedings] is ministerial, and so plainly prescribed as to be free from

2

doubt." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal quotation marks omitted).

For the foregoing reasons, I would affirm the district court's dismissal of Gebreslasie's case for failure to state a claim.